UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **MICHAEL ISAIAS RODRIGUEZ, JR.** | **15-11312** |
| **SHANNON CASEY RODRIGUEZ** | |
| | SECTION A |
| DEBTOR(S) | CHAPTER |
| **MICHAEL ISAIAS RODRIGUEZ, JR.** | ADVERSARY NO. |
| PLAINTIFF | **16-1014** |
| VERSUS | |
| **WHITNEY BANK** | |
| DEFENDANT | |

## REASONS FOR DECISION

This matter came before the Court on June 21, 2016, on the Motion to Dismiss Adversary Proceeding and to Award Attorneys' Fees and Costs (P-6) filed by Whitney Bank ("Whitney"). Debtors neither opposed the Motion to Dismiss nor appeared at the hearing. After the conclusion of the hearing, the Court took the matter under advisement.

**I. Findings of Fact**

Michael Rodriguez signed a Balloon Note ("Note") on December 7, 2007, in the principal amount of $460,000.00, as well as a mortgage ("Mortgage") in favor of Whitney with 6833 General Diaz St., New Orleans, Louisiana ("the Property") as collateral. The Note matured on December 1, 2012. Mr. Rodriguez failed to pay the Note as it came due and requested additional time to pay. Whitney and Mr. Rodriguez entered into a Forbearance Agreement dated September 6, 2013, which terminated on the earlier of 1) October 1, 2014, or 2) default by Mr. Rodriguez. Again Mr. Rodriguez failed to pay, and Whitney filed suit against Mr. Rodriguez in Civil District Court for the

Parish of Orleans. The Court entered Default Judgment on January 20, 2015, in favor of Whitney, recognizing and enforcing the Mortgage ("Whitney Judgment").[1] Whitney recorded the Whitney Judgment in the Mortgage Records of Orleans Parish on January 21, 2015.

Michael and Shannon Rodriguez ("Debtors") filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on May 27, 2015.[2] They scheduled Whitney as a secured creditor in the amount of $442,694.57.[3] Whitney filed Proof of Claim 5-1 and Amended Proof of Claim 5-2 in the secured amount of $511,646.72.

On June 22, 2015, Debtors filed a Motion to Convert to Chapter 13,[4] which was granted by the Court on June 25, 2015.[5]

Whitney filed a Motion for Relief from the Automatic Stay on August 7, 2015.[6] On November 17, 2015, the Court entered an Order allowing Debtors 90 days to market and sell the Property.[7] If Debtors failed to sell the property within that time, Debtors would file a Motion to Auction the Property.

---

[1] Case no. 2014-10439, Civil District Court for the Parish of Orleans.

[2] Case 15-11312.

[3] *Id.* at P-19.

[4] Case 15-11312, P-22.

[5] *Id.* at P-28.

[6] *Id.* at P-56.

[7] *Id.* at P-92.

After failing to sell the Property, Debtors filed a Motion to Appoint Auctioneer on January 18, 2016,[8] which was granted by the Court on January 21, 2016, scheduling the auction for February 29, 2016.[9] After a status conference requested by Debtors, the Court rescheduled the auction for March 14, 2016, and ordered Debtors to vacate the Property no later than February 29, 2016.[10]

On February 29, 2016, Debtors filed a Motion to Suspend the Order requiring them to vacate the Property, to which Whitney objected.[11] Whitney filed a Motion for Contempt on March 2, 2016, because it learned when Whitney representatives and the auctioneer inspected the Property on March 1, 2016, that Debtors had not vacated the Property.[12] Debtors then filed a Motion to Withdraw the Motion to Appoint Auctioneer,[13] Motion to Dismiss the Case,[14] and terminated their counsel.[15]

Whitney's Motion for Contempt came before the Court on March 8, 2016, at which time the Court ordered Debtors to vacate the Property no later than March 12, 2016, and continued the hearing on the Motion for Contempt to March 14, 2016, the date of the auction.[16]

---

[8] *Id*. at P-107.

[9] *Id.* at P-110.

[10] *Id*. at P-117.

[11] *Id*. at P-120.

[12] *Id*. at P-122.

[13] *Id*. at P-131.

[14] *Id*. at P-130.

[15] *Id.* at P-127, 133.

[16] *Id*. at P-132.

Mr. Rodriguez filed suit against Whitney in Civil District Court for the Parish of Orleans on March 9, 2016, seeking to annul the Whitney Judgment and filed a Notice of Lis Pendens in the Mortgage Records.[17] The case was removed to the United States District Court ("District Court") on April 13, 2016,[18] referred to this Court on April 21, 2016,[19] and assigned adversary number 16-1014.

Debtors filed a Motion to Withdraw, for Abstention, and Stay of the Bankruptcy Proceedings on March 11, 2016,[20] which was denied by the District Court on March 21, 2016.[21]

This Court conducted an auction on March 14, 2016, and the Property was sold to the highest bidder for $625,000.00. The Order Approving the Sale was entered the next day and provided that all liens and the Notice of Lis Pendens would be canceled from the Mortgage Records at the time of sale.[22] Debtors appealed the Order Approving the Sale.[23]

---

[17] Case no. 2016-02462, Civil District Court for the Parish of Orleans.

[18] Case no. 16-2999, United States District Court, Eastern District of Louisiana, docket no. 1.

[19] *Id*. at docket no. 4.

[20] 15-11312, P-137.

[21] *Id*. at 150. *See also* Case no. 16-2241, United States District Court, Eastern District of Louisiana, docket no. 3.

[22] 15-11312, P-143.

[23] *Id*. at P-155.

The Court continued the hearing on the Motion for Contempt to April 19, 2016,[24] at which time it was orally withdrawn by Whitney.[25]

The Act of Sale took place on April 14, 2016, and Whitney was paid $580,779.07 or the total amount due, from the proceeds.[26]

Both Whitney and the Internal Revenue Service filed Motions to Convert Debtors' Case from Chapter 13 to Chapter 7.[27] The Motions to Convert were granted on April 12, 2016,[28] and Debtors appealed the Order Converting the Case.[29]

The District Court dismissed both the appeal of the Order Approving Sale and Order Converting the Case. [30]

---

[24] *Id*. at P-142.

[25] *Id*. at P-186.

[26] Id. at P-193.

[27] *Id*. at P-153, 157.

[28] *Id.* at P-175.

[29] *Id.* at P-184.

[30] *Id.* at 227, 228. *See also* Case no. 16-2419, United States District Court, Eastern District of Louisiana, docket no. 10; and Case no. 16-3417, United States District Court, Eastern District of Louisiana, docket no. 6.

Whitney filed a Motion to Extend Time to Plead in the adversary proceeding to May 9, 2016, which was granted by the Court.[31] On May 9, 2016, Whitney filed the instant Motion to Dismiss and scheduled it for hearing on June 21, 2016.[32] At the hearing, the Court took the matter under advisement.[33]

## II. Analysis and Conclusions of Law

The Complaint seeks to annul the Whitney Judgment on the basis that Whitney failed to refinance the loan despite an offer to do so, thereby allowing the Note to mature and giving Mr. Rodriguez no alternative but to sign the Forbearance Agreement. Mr. Rodriguez alleges that despite making monthly payments as required by the Forbearance Agreement, Whitney contacted him about past due payments and charged excessive fees and late charges. The last monthly payment tendered to Whitney by Mr. Rodriguez was in April 2014. Whitney filed suit on November 3, 2014, resulting in the Whitney Judgment on January 20, 2015.

Mr. Rodriguez filed suit against Whitney on March 9, 2016. He alleges that he did not receive notice of preliminary default. Mr. Rodriguez also alleges that while reviewing the Court record in November 2015, he discovered that Whitney failed to provide him with loan modification disclosures required by the Truth-In-Lending Act and fraudulently concealed those documents when it filed its Petition for Executory Process. Mr. Rodriguez further alleges that Whitney forged his signature on Loan Modification Agreements dated October, 7, 2008, and April 15, 2011.

---

[31] P-4.

[32] P-6,7, 8.

[33] P-9.

Whitney seeks to dismiss the case on the following grounds: 1) *res judicata*; 2) failure to state a basis for the annulment of the Judgment; 3) peremption pursuant to La. C.C.P. Art. 2004; 4) lack of standing; 5) judicial estoppel; and 6) terms of the Forbearance Agreement.

When deciding a Motion to Dismiss, the Court "must take all factual allegations in the complaint as true."[34]

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[35]

**A. *Res Judicata***

*Res judicata* precludes parties from raising actions that could have been litigated in a previous suit.[36] "Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate if 'the elements of *res judicata* are apparent on the face of the pleadings.'"[37] A four (4) prong test is applied when considering a defense based on *res judicata*: 1) the parties must be identical in both suits; 2) final judgment must have been rendered in one suit; 3) the court must have competent jurisdiction; and 4) both cases must involve the same cause of action.[38]

---

[34] *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

[36] *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414 (1980) (citation omitted).

[37] *Progressive Waste Solutions of La., Inc. v. St. Bernard Parish Government*, 2016 WL 4191847, *13 (E.D.La. 2016) (citations omitted).

[38] *Ries v. Paige (In re Paige)*, 610 F,3d 865, 870 (5th Cir. 2010) (citations omitted).

If those factors are met, the Court then must determine whether the unlitigated claim "could or should have been brought in the earlier litigation."[39]

In the Order Approving Sale, the Court ordered Whitney's claim paid in full from the Property's sale proceeds,[40] and Whitney contends that this was allowance of its claim. Thus, it maintains that continuation of this suit objecting to Whitney's claim is barred by *res judicata*.

Both Whitney and Mr. Rodriguez are parties in the action to approve the sale and this adversary proceeding. This Court is a court of competent jurisdiction as it has jurisdiction over the claims allowance process.[41] The Order Approving Sale is a final judgment as the appeal to the District Court was denied, and no appeal was made to the Fifth Circuit.

Both actions involved the same cause of action - Whitney's claim. The Court allowed Whitney's claim when it ordered its payment in full. Mr. Rodriguez could have raised the claims stated in the Complaint while objecting to the sale and payment of its proceeds to Whitney. Because Mr. Rodriguez failed to do so, those claims are now barred.

**B. Attorney's Fees**

Whitney maintains that it is entitled to reasonable attorney's fees pursuant to La. C.C.P. Art. 2004(C), which provides:

> The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

---

[39] *Id.*

[40] 15-11312, P-143.

[41] *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011).

2001 Comment (b) to La. C.C.P. Art. 2004 provides that for a defendant to be awarded attorney's fees, the complaint must be without merit:

> When a party is made a defendant and forced to relitigate the validity of a prior judgment in response to a meritless nullity action alleging fraud or an ill practice an award of attorney fees may also be considered.

Thus, the Court must determine 1) whether the Complaint was meritless when it was filed; and 2) if it was without merit, the reasonableness of the requested fee.

At the time the Complaint was filed, the Court had not yet ordered Whitney's claim paid, so the Complaint was not *res judicata* on its face. In order to determine whether the Complaint was meritless, the Court must also consider Whitney's other grounds for dismissal.

### 1) Failure to State a Claim upon Which Relief May Be Granted

La. C.C.P. Art. 2004(A) provides that a judgment may be annulled if it was obtained by "fraud or ill practices." The Complaint alleges that Whitney obtained the Judgment by fraud and specifies facts, which if taken as true, may support a claim for fraud. Therefore, the Complaint states a claim upon which relief may be granted and is not "meritless" on those grounds.

### 2) Peremption

La. C.C.P. Art. 2004(B) provides that an action to annul a judgment must be brought within one (1) year of discovery of the fraud or ill practice.

Mr. Rodriguez alleges in his Complaint that he discovered the alleged fraud in November 2015. Accepting this as true, the claims are not perempted because he filed suit less than one (1) year later, on March 9, 2016.

### 3) Standing

Whitney contends that Mr. Rodriguez lacks standing to pursue the Complaint because a Chapter 7 trustee has been appointed.

Mr. Rodriguez filed suit in state court on March 9, 2016. On April 12, 2016, the Court converted the case to Chapter 7, and Ron Hof was appointed Chapter 7 Trustee. A trustee is the "representative of the estate" and has "capacity to sue and be sued."[42] A debtors interest in causes of action become property of the estate when the case is filed.[43]

The Fifth Circuit has ruled that a cause of action can accrue prior to the discovery that begins the running of the statute of limitations.[44] The focus is on when the injury occurred, not discovery.[45] The injury alleged is the Whitney Judgment, which was entered pre-petition. Therefore, the cause of action is property of the estate for which Trustee is the proper party in interest.

At the time this suit was filed, a trustee had not been appointed, and Mr. Rodriguez had standing as the debtor-in-possession. Thus, the Complaint was not "meritless" based on standing at the time it was filed.

---

[42] 11 U.S.C. § 323.

[43] *Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988) (citations omitted).

[44] *Matter of Swift*, 129 F.3d 792, 798 (5th Cir. 1997).

[45] *Id.*

### 4) Judicial Estoppel

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."[46]

Whitney contends that the Complaint objecting to Whitney's claim is barred by judicial estoppel because 1) Debtors did not schedule a cause of action against Whitney or list its claim as disputed; 2) Debtors Chapter 13 Plan and Amended Plan provided that Whitney's claim would be paid in full;[47] and 3) Debtors admitted the debt to Whitney in their Objection to Whitney's Motion for Relief from the Automatic Stay filed on September 2, 2015.[48]

Mr. Rodriguez alleges that he discovered the cause of action against Whitney in November 2015. Taking his allegations as true, he discovered the cause of action after Debtors filed their Schedules, Plan, Amended Plan, and Objection to Whitney's Motion for Relief from the Automatic Stay. Thus, judicial estoppel does not apply.

Whitney also contends that Debtors consented to the sale and cannot now take an inconsistent position. While Debtors filed the Motion to Appoint Auctioneer, they later terminated their attorney and sought to stop the sale through a Motion to Suspend the Order requiring them to vacate the Property; Motion to Withdraw the Motion to Appoint Auctioneer; Motion to Dismiss Case; and Motion to Withdraw, for Abstention, and Stay of the Bankruptcy Proceedings. Debtors also

---

[46] *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 1814 (2001) (quoting 18 Moore's Federal Practice § 134.30, p. 134-62 (3d. Ed. 2000)).

[47] Debtors original Plan was filed on July 21, 2015, and their Amended Plan was filed on July 29, 2015.

[48] Case 15-11312, P-56.

11

appealed the Order Approving the Sale. It would be disingenuous to dismiss the case on the grounds that they consented to the sale when they filed multiple motions contesting it.

### 5) Forbearance Agreement

Whitney contends that the terms of the Forbearance Agreement prevent Mr. Rodriguez from contesting Whitney's claim. The Forbearance Agreement, signed by Mr. Rodriguez on September 6, 2013, provides that he "specifically acknowledges that he is fully obligated to pay the full amount of the Indebtedness."[49] It also provides that Mr. Rodriguez "waives any and all defenses to [ ] enforcement."[50]

As previously stated, Mr. Rodriguez alleges that he discovered the fraud in November 2015. Therefore, taking the allegations as true, he discovered fraud after the Forbearance Agreement was signed. Thus, his representations in a fraudulently obtained agreement could not be used against him.

Taking the allegations in the Complaint as true, the Court cannot find that the Complaint is without merit. Therefore, Whitney's request for attorney's fees will be denied.

---

[49] Proof of Claim 5-2, Exh. C, p. 3.

[50] *Id.* at p. 4.

**III. Conclusion**

The Court finds that this adversary proceeding is barred by *res judicata*, and the Motion to Dismiss filed by Whitney will granted. However, Whitney's request for attorney's fees will be denied. A separate Order will be entered in accord with these Reasons.

New Orleans, Louisiana, September 13, 2016.

Hon. Elizabeth W. Magner  
U.S. Bankruptcy Judge